**FRANK A. WEISER**, State Bar No. 89780
Attorney at Law
3470 Wilshire Blvd., Suite 614
Los Angeles, California 90010
Telephone: (213) 384-6964
Facsimile:  (213) 383-7368
E-Mail:     maimons@aol.com


Attorney for Plaintiffs
DENNIS D'ALESSIO,
D'ALESSIO INVESTMENTS,
LLC, a Nevada Limited Liability
Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS D'ALESSIO, D'ALESSIO INVESTMENTS, LLC, a Nevada Limited Liability Company.<br><br>　　　　Plaintiffs,<br><br>v<br><br>CITY OF COSTA MESA, a municipal Corporation; ERIC P. BEATTY; RENE JIMENEZ; WILLA BOUWENS-KILLEEN; AND DOES 1-10 INCLUSIVE,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**[VIOLATION OF 18 U.S.C. SECTION 1964 – RICO AND 42 U.S.C. SECTION 1983]**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs DENNIS D'ALESSIO and D'ALESSIO INVESTMENTS, LLC, a Nevada Limited Liability Company (collectively "Plaintiffs," or individually "DD," "LLC") hereby file the following Complaint and states and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists under 28 U.S.C. Section 1331 and 28 U.S.C. Section 1964. This action which arises under the laws of the United States, and involves violations of federal law actionable under 18 U.S.C. Section 1964(c) and 42 U.S.C. Section 1983.

## PARTIES

2. The Plaintiff DD is an individual and a resident of Orange County, California.

3. The Plaintiff LLC is a duly formed Nevada limited liability company authorized and permitted o do business in the State of California.

4. Defendant CITY OF COSTA MESA, a municipal corporation ("City") is a municipality, duly formed and operating under the laws of the State of California.

5. Defendant ERIC P. BEATTY ("EB") is an attorney, duly licensed under the laws of the State of California, whose principal place of business is at 123 East Ninth Street, Suite 210, Upland, CA 91786.

6. Defendant RENE JIMENEZ ("RJ") was at all times material herein a code inspector employed by the City.

7. Defendant WILLA BOUWENS-KILLEEN ("WBK") was at all times material herein a zoning administrator employed by the City.

8. The Defendant City, EB, RJ, and WBK will collectively be referred to herein as Defendants.

9. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as Does 1 through 10, and persons heretofore unknown involved in the actions taken against the plaintiffs are unknown to them at this time. Plaintiffs are informed and believe and based thereon allege that each of the DOE defendants are responsible in some manner for the events herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiffs will amend this complaint when the true names and capacities of said Doe defendants are ascertained. Each reference in this complaint to "defendant," defendants," or a specifically named defendant also refers to defendants sued under their fictitious names.

## **FACTS COMMON TO ALL CLAIMS**

10. Plaintiffs are the owners and operator of real property located at 1963 Wallace Ave., Costa Mesa, CA 92627 ("Property"), and at all times relevant herein DD operated the property by way of the LLC.

11. The Property consists of 4 buildings A-D, consisting of multi-family units.

12. Plaintiffs received multiple code violation citations from the City beginning in 2019 in which the claimed that the Property was substandard, and which Plaintiffs strongly denied.

13. In 2020, the City filed a lawsuit against the LLC in the Orange County Superior Court alleging by way of a petition that that the Property was substandard and requesting from the state court that EB be appointed a receiver of the Property to abate the alleged substandard conditions ("State Case," or "Petition").

14. The State Case is still pending and is entitled <u>City of Costa Mesa v D'Alessio Investments, LLC, et al v D'Alessio Investments, LLC, et al.</u>, Case No. 30-2020-01133479.

15. The Plaintiff DD filed and answer to the City's petition, denying that the Property was substandard, and opposed the City's request to appoint EB as a receiver of the Property.

16. In opposing the City's petition requesting from the state court that EB be appointed a receiver of the Property, on or about July 24, 2020, the LLC filed a declaration from a well regarded expert architect, STEVE NORRIS, PE, AIA ("SN"), who detailed to the State Court the reasons why the Property should not be deemed substandard or a nuisance and why a receiver should not be appointed. A copy of SN's July 24, 2020 declaration filed in the State Case is attached hereto as Exhibit "A".

17. The Defendant RJ issued the initial abatement order to Plaintiffs giving them only three (3) days to fix the alleged code violations, and was central to the City filing the State Case without citing any reasons.

18. The Defendant RJ filed a declaration in the State Case in support of the City's petition and request to have EB appointed a receiver of the Property, and in RJ's declaration, he declared under penalty of perjury falsely that he issued the abatement order because (1) he believed that the items stored in the garage did not belong to the

on site tenants but belonged to the Plaintiffs; (2) there was a stop work order issued by the City to the Plaintiffs which they failed to obey; and (3) the smoke detectors were two (2) inches too close to a vent.

19. Specifically, the Defendant RJ intentionally falsely misstated that there was a stop work order issued by the City to the Plaintiffs which they failed to obey, as he knew that Plaintiffs appealed the stop work order and won on appeal.

20. The Defendant WBK falsely stated in her declaration filed in the State Case in support of the City's petition and request to have EB appointed a receiver of the Property that Plaintiffs' as built plans for the Property were not approved by the City when in fact approved by the City, a fact that WBK knew before filing her declaration.

21. The Defendant EB was appointed the receiver of the Property in the State Case, and made numerous intentional representations to the State Court as set forth in detail in an e-mail sent to EB by DD on January 6, 2025, a copy of which is attached hereto as Exhibit "B".

22. Instead of working to abate the alleged substandard conditions, a fact that Plaintiff continue to deny, the Defendants, and each of them, have worked together pursuant to a scheme and conspiracy to close the Property for purposes of placing a EB as the receiver of the Property, not to remediate the alleged violations but transfer the Property sold by Court order to a third party developer.

23. As a part of the scheme and conspiracy set forth in paragraph 22 above, the Defendants, and each of them, the Defendants City and EB have requested in the State Case that the Court order a demolition of the buildings on the Property, and Plaintiffs are vigorously opposing and such order in the Fourth District California Court of Appeals, Division Three.

24. Pursuant to taking the actions referenced in paragraphs 10-23 above, the Defendants and each of them, did so pursuant to a scheme and conspiracy to close Plaintiffs' Property for purposes of placing a court ordered receiver into the Property, not to remediate the alleged violations but transfer the property to a third party

developer, the City Council appointed its City Attorney, which is the law firm of JONES & MAYER ("JM") located at 3777 North Harbor Boulevard, Fullerton, CA 92835 to file the Petition.

25. Prior to taking the actions referenced in paragraphs 10-23 above, and doing so pursuant to a scheme and conspiracy to close Plaintiffs' Property for purposes of placing a court ordered receiver into the Property, and transfer the Property to a third party developer, the City Council had appointed on other occasions its City Attorney JM to file the Petition in the Orange County Superior Court and to request the appointment of Defendant EB as the receiver of other properties, unrelated to Plaintiffs' Property, for the same purpose of not remediating the alleged violations but transfer the unrelated properties to a third party.

26. Under California state law, if a property is determined by a state court judge to be operating in violation of the California Health & Safety Code with regard to code violations that are alleged to exist at a property, a state court judge can appoint a receiver to take possession of the property in order to remediate the alleged violations, but notice must be given to satisfy principles of due process that the owner and operator of the property has been given specific notice of what he or she is in violation of and given an opportunity to remediate the alleged violations.

27. The purpose under California law is to remediate the alleged code violations and is remedial and not punitive.

28. As stated in in paragraphs 10-23 above, the City and RJ, did not give Plaintiffs the due process required, in order to allow its City Attorney JM to file a petition in the Orange County Superior Court to request the appointment of Defendant EB as the receiver of the property in order to transfer the property to a third party..

29. In the State Case., the Defendant EB, and the City Attorney JR, by and through its appointed attorney to handle the case AMANDA POPE ("AP"), who is the director of City Receiverships and JM, filed declarations, along with WBK, in support of

appointing EB as the receiver for the property, and in doing so, declared under penalty of perjury that the City and EB were making the request for purposes of remediating the alleged code violations, when in fact the purpose was to remove the Plaintiffs from possession of the property in order to transfer the property to a third party.

30. Based on such declarations, the state court judge in the state case granted the City's request and appointed the Defendant EB as the receiver of the property in 2020 in order to remediate the alleged violations at the Property and Plaintiffs were removed from possession and control of operating the property.

31. From the date that the Defendant EB was appointed the receiver of the property until the present, the Defendant EB has done no work to remediate the alleged violations, but rather has informed the State Court judge that his view is that the Property should be demolished as it cannot be remediated, when in fact this is false and the City and EB know that this is false.

32. In California, a petition to appoint a receiver by motion with no right to testimony by trial and cross-examination before a court or jury, as was done in the State Court Case by appointing the Defendant EB by motion only, is a special proceeding, like a writ of mandate. and is not given preclusive effect under Ninth Circuit caselaw. See Honey v Distelrath, 195 F.3d 531, 533 (9th Cir. 1999).

33. As a result of doing the actions, as set forth in paragraphs 10-32 above, the Defendants, and each of them, and their attorneys JM. and specifically by the filing in the State Court Case and recording with the Orange County Recorders Office a Notice of Pending Action at the time of the initiation of the case, and Plaintiffs have not been able to sell or transfer, or refinance the property, thus resulting of a substantial business and economic loss of over $5,000,000.00.

34. As a result of doing the actions, as set forth in paragraphs 10-32 above, the Defendants, and each of them, and their attorneys JM, Plaintiff has expended well over $200,000.00 in business expenses and attorney fees in defending the State Court Case.

35. At all times, the Property was a business investment of Plaintiffs' and Plaintiffs have suffered great economic and non-economic damages believed to be over $10,000,000.00.

36. Based on the foregoing, Plaintiff alleges the following claims for relief.

## **FIRST CLAIM OF RELIEF**

**(Violation of 18 U.S.C. Section 1964(c) by Plaintiffs Against All Defendants)**

37. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-36 above.

38. The actions of the Defendants, and each of them, constitutes a federal crime under 18 U.S.C. Section 1341, U.S. mail fraud, such federal crimes being actionable under 28 U.S.C. Section 1964©.

39. Said Defendants, and each of them, agreed to and did conduct and participate in the conduct of the enterprise's affairs through a pattern of racketeering activity and for the unlawful purpose of intentionally defrauding Plaintiff with the use of the instrumentalities of the U.S. mail, in violation of 18 U.S.C. Sections 1341, constituting a pattern of racketeering activity pursuant to 18 U.S.C. Sections 1961(1) and (5).

40. Said Defendants, and each of them, have directly and indirectly conducted and participated in the conduct of the enterprise's affairs through the pattern of racketeering activity above.

41. As a proximate result of the foregoing actions of the Defendants, and each of them, racketeering activities, and violations of 18 U.S.C. 1961 (1), (5), and 18 U.S.C. 1964©, Plaintiffs have been injured in their business and in economic damages according to proof at trial but not less than $5,000,000.00 against each defendant. Plaintiffs are also entitled to their reasonable attorney's fees and treble damages.

## SECOND CLAIM OF RELIEF

**(Violation of 42 U.S.C. Section 1983 by Plaintiffs Against All Defendants)**

42. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-41 above.

43. Plaintiffs allege that in doing all of the things herein mentioned, the Defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the County of Orange and the State of California for purposes of "state action" and "color of law" under 42 U.S.C. Section 1983.

44. Plaintiff further alleges that in doing all of the things herein mentioned, the Defendants, and each of them, violated and further threaten to violate the constitutional and civil rights of the Plaintiffs, in particular their individual rights under the First and Fourteenth Amendment of the United States Constitution Petition and Grievances Clause; the Fourth and Fourteenth Amendment of the United States Constitution Search and Seizure Clause; the Fifth and Fourteenth Amendment of the United States Constitution Takings Clause; and the Fourteenth Amendment of the

United States Constitution Due Process Clause, both its substantive and procedural Components, and the Fourteenth Amendment of the United States Constitution Equal Protection Clause.

45. The individual Defendant EB is not entitled to any immunity, qualified or otherwise, and the individual Defendants JR and WBK are not entitled to qualified immunity.

46. As a proximate result of the foregoing actions of the defendants and each of them, Plaintiffs have been injured and suffered economic and non-economic damages according to proof at trial but believed to be not less than $10,000,000.00 against each Defendant, and are also entitled to appropriate declaratory and injunctive relief. Plaintiffs are also entitled to their reasonable attorney's fees under 42 U.S.C. Section 1988.

WHEREFORE, Plaintiffs pray judgment against the Defendants, and each of them, as follows:

### **FIRST CLAIM FOR RELIEF**

1. For damages according to proof at trial but believed to be not less than $5,000,000.00;
2. For treble damages;
3. For attorney's fees;

## SECOND CLAIM FOR RELIEF

4. For damages according to proof at trial bu

   believed to be not less than $10,000,000.00;

5. For appropriate declaratory and injunctive relief;

6. For attorney's fees;

## FOR ALL CLAIMS FOR RELIEF

7. For costs of suit;

8. For such other and further relief as the Court deems proper.

Dated: April 4, 2025                    LAW OFFICES OF FRANK A. WEISER

                                        By: /s/ Frank A. Weiser
                                        _____
                                        FRANK A. WEISER, Attorney for
                                        for Plaintiffs DENNIS D'ALESSIO,
                                        D'ALESSIO INVESTMENTS,
                                        LLC, a Nevada Limited Liability
                                        Company

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

Dated: April 4, 2025                    LAW OFFICES OF FRANK A. WEISER

                                        By: /s/ Frank A. Weiser
                                        _____
                                        FRANK A. WEISER, Attorney for
                                        for Plaintiffs DENNIS D'ALESSIO,
                                        D'ALESSIO INVESTMENTS,
                                        LLC, a Nevada Limited Liability
                                        Company